OPINION
{¶ 1} Richard C. Armstrong, Jr., pled guilty in the Montgomery County Court of Common Pleas to two counts of aggravated robbery, both with firearm specifications, resulting from two separate indictments. The court sentenced him to two eight-year mandatory prison *Page 2 
terms for the aggravated robberies, to be served concurrently, and to two three-year terms of actual incarceration for the firearm specifications, to be served consecutively to each other and to the eight-year prison term.
 {¶ 2} On appeal, Armstrong's counsel has filed an Anders brief pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, wherein counsel represented that, after thorough examination of the record, she was unable to discover any errors by the trial court which were prejudicial to Armstrong. For the following reasons, we affirm Armstrong's conviction and sentence.
 {¶ 3} The procedural history of this case is as follows.
 {¶ 4} On December 20, 2005, Armstrong was indicted for aggravated robbery with a firearm specification, having weapons while under disability, and carrying concealed weapons, all stemming from a robbery on December 10, 2005. State v. Armstrong, Montgomery Case No. 05-CR-5194. Armstrong pled not guilty to the charges. On April 11, 2006, Armstrong filed three motions to suppress. The first and second motions sought to suppress all evidence identifying his tan Dodge Dynasty and the contents thereof, which included a jacket, ski mask, and money. Armstrong claimed that the police did not lawfully stop the vehicle and that the identification of the vehicle by the victim was influenced by overly suggestive procedures by the police. Armstrong's third motion sought to suppress statements that he made to the police on December 12, 2005, on the grounds that the statements were involuntary and that he had not been provided Miranda warnings. On April 28, 2006, the court held a hearing on the motion to suppress his statements. The court overruled the motion. On May 17, 2006, the court held a hearing on the motion to suppress the identity and contents of the vehicle. The court overruled *Page 3 
that motion, as well.
 {¶ 5} On May 25, 2006, Armstrong was again indicted for aggravated robbery with a firearm specification, having weapons while under disability, and carrying a concealed weapon. State v. Armstrong, Montgomery Case No. 06-CR-1346. These charges stemmed from a robbery that occurred on March 26, 2006. On May 31, 2006, Armstrong filed a motion to suppress statements that he made to the police at the police station on March 26, 2006. A hearing on the motion to suppress was originally scheduled for June 28, 2006, and it was rescheduled for July 11, 2006.
 {¶ 6} On July 11, 2006, Armstrong withdrew his motion to suppress, and the court held a plea hearing, addressing both indictments. Armstrong pled guilty to both aggravated robbery charges, each with a firearm specification. In return, the state dismissed the having weapons while under disability and carrying concealed weapons charges. On August 2, 2006, the court sentenced Armstrong to an aggregate term of fourteen years in prison, as described above. On August 4, 2006, Armstrong filed his notice of appeal. The court's termination entry was filed on August 7, 2006, and Armstrong's appeal is considered filed as of that date. App.R. 4(C).
 {¶ 7} On January 8, 2007, appellate counsel for Armstrong filed anAnders brief. By order of January 19, 2007, we informed Armstrong that his appointed counsel had filed an Anders brief and of the significance of an Anders brief. We granted him sixty days from January 19 to file a pro se brief assigning errors for review by this court. Armstrong has not filed a pro se brief.
 {¶ 8} In her Anders brief, appellate counsel raised three issues, which she ultimately concluded would be unsuccessful. First, she raised whether the trial court complied with *Page 4 
Crim.R. 11 in accepting Armstrong's guilty plea. Second, she noted that Armstrong's guilty plea operates as a waiver of any claimed errors in the trial court's denial of his motions to suppress. Third, appellate counsel noted that, in light of Foster, Armstrong could not successfully argue that his sentence was erroneous. Although not raised by appellate counsel, we note the additional potential argument that the trial court erred in overruling the motions to suppress and that Armstrong's trial counsel was ineffective by advising him to enter a guilty, rather than no contest, plea.
 {¶ 9} Pursuant to our responsibilities under Anders, we have independently reviewed the entire record in this case, including the transcripts of the suppression hearings, the plea hearing, and the sentencing hearing. Having done so, we agree with the assessment of appointed appellate counsel that there are no arguably meritorious issues for appellate review and that this appeal is frivolous.
 {¶ 10} The judgment of the trial court will be affirmed.
 FAIN, J. and DONOVAN, J., concur. *Page 1